IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| MARIO CABELLO #99277-080 | § § | |
| V. | § § | A-10-CA-477-LY |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:     The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to the Federal Tort Claims Act, Plaintiff was confined in the Adams CCC in Washington, Mississippi. Plaintiff was previously confined in FCI Bastrop. While confined in FCI Bastrop, Plaintiff was injured in a work-related accident on September 18, 2007. According to Plaintiff, he injured his right hand. Plaintiff alleges Health Services failed to provide him with medical care, and as a result, his hand is permanently injured. He sues the United States of America and requests $1 million in damages.

1

## DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Federal Tort Claims Act

Plaintiff, a federal prisoner, brought a claim under the Federal Tort Claims Act (FTCA) against the United States for negligent medical treatment following an on-the-job injury in a corrections facility. The Prison Industries Fund may be used to compensate "inmates ... for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." 18 U.S.C. § 4126(c). "'Section 4126 [of the Prison Industries Fund] is ... the exclusive remedy when a work-related injury is subsequently aggravated by negligence and malpractice on the part of prison officials.'" Wooten v. United States, 825 F.2d 1039, 1044 (6th Cir. 1987)); see also Thompson v. United States, 495 F.2d 192, 193 (5th Cir. 1974) (per curiam) ("Despite the appellant's allegation that the negligence of the hospital worker

occasioned further injuries, for which he seeks damages, he is barred from litigating the matter under the Federal Tort Claims Act since the cause of his original injury was work-related"); 28 C.F.R § 301.301(b) ("Compensation may ... be paid for work-related injuries or claims alleging improper medical treatment of a work-related injury.")  Because the alleged medical malpractice did not constitute a separate and distinct act outside the sole remedy provisions of the Prison Industries Fund, Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for want of jurisdiction pursuant to 28 U.S.C. § 1915(e).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of July, 2010.

_____
ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE